IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|   |   |   |
|---|---|---|
| MELODY JOY ZAUGG, | : | |
| Plaintiff, | : | Civil No. 16-2143 (RBK) |
| v. | : | **OPINION** |
| ACTING COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

**KUGLER**, United States District Judge:

This matter comes before the Court upon the appeal of Melody Joy Zaugg ("Plaintiff") for review of the final determination of the Commissioner of Social Security ("Commissioner"). The Commissioner denied her application for Social Security Disability Insurance ("SSDI") benefits under Title XVI of the Social Security Act. For the reasons set forth below, the decision of the Commissioner is **VACATED**, and the Court will remand this matter to the Administrative Law Judge ("ALJ") for further proceedings consistent with this Opinion.

**I. BACKGROUND**

On October 15, 2012, Plaintiff applied for SSDI under Title II of the Social Security Act because she suffered from Crohn's disease, asthma, high blood pressure, anxiety, and learning disability. Administrative Record ("Rec."), Ex. 2A at 121 (Doc. No. 4-3). Plaintiff alleged disability as of October 1, 2008 and was insured for SSDI through December 31, 2012. *See* Rec., Ex. 2A at 122; ALJ Hearing Decision ("ALJ Decision") at 54 (Doc. No. 4-2). Plaintiff's initial

application was denied on February 7, 2013, and denied on reconsideration on May 6, 2013. Rec., Ex. 2A at 126; Rec., Ex. 4A at 136. Plaintiff filed a request for a hearing on May 29, 2013. Rec., Ex. 7B. A hearing was held before an ALJ on September 8, 2014, and the ALJ denied Plaintiff's claim on January 28, 2015. Rec., Ex. 9B (Doc. No. 4-4); ALJ Decision. Plaintiff submitted a request for review to the Appeals Council on February 3, 2015. Rec. at 19. The Appeals Council denied Plaintiff's request for review on February 26, 2016, and the ALJ's determination became the final decision of the Commissioner. Rec. at 5. Plaintiff filed this Complaint on April 18, 2016. (Doc. No. 1).

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ used the established five-step evaluation process to determine if Plaintiff was disabled. *See* 20 C.F.R. § 404.1520. For the first four steps of the evaluation process, the claimant has the burden of establishing their disability by a preponderance of the evidence. *Ziransak v. Colvin*, 777 F.3d 607, 611-12 (3d Cir. 2014). First, the claimant must show that she was not engaged in "substantial gainful activity" for the relevant time period. *See* 20 C.F.R. § 404.1572 (defining "substantial gainful activity"). Second, the claimant must demonstrate that she has a "severe medically determinable physical and mental impairment" that lasted for a continuous period of at least 12 months. *See* 20 C.F.R. § 404.1520(a)(4)(ii) (explaining second step); 20 C.F.R. § 404.1509 (setting forth the duration requirement). Third, either the claimant shows that their condition is one of the Commissioner's listed impairments, demonstrating that she is disabled and entitled to benefits, or the analysis

proceeds to step four. 20 C.F.R. § 404.1420(a)(4)(iii) (explaining the third step); *see also* 20 C.F.R. Pt. 404, Subpt. P., Appx. 1.

Fourth, if the condition is not equivalent to a listed impairment, the claimant must show that she cannot perform her past work, and the ALJ must assess the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 404.1520(a)(4)(iv) (explaining the fourth step); 20 C.F.R. § 404.1520(e) (same). If the claimant meets her burden, the burden shifts to the Commissioner for the last step. *Zirnsak*, 777 F.3d at 612. At the fifth and final step, the Commissioner must establish that other available work exists that the claimant is capable of performing based on her RFC, age, education, and work experience. *Id.*; 20 C.F.R. § 404.1520 (a)(4)(v) (explaining the fifth step). If the claimant can make "an adjustment to other work," she is not disabled. *See* 20 C.F.R. § 404.1520(a)(4)(v).

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity during the period of October 1, 2008, the alleged date of disability onset through December 31, 2012, her date last insured. ALJ Decision at 25. The ALJ further found that Plaintiff was severely impaired by her Crohn's disease, irritable bowel syndrome, chronic kidney disease, obesity, and anxiety. *Id*. at 26. The ALJ found that Plaintiff was not severely impaired by her lumbar strain/radiculopathy, degenerative disc disease, gastritis, hypertension, asthma, mydriasis, and eczema. *Id.* at 26-33. At the third step, the ALJ held that Plaintiff's impairments did not meet or medically equal the severity of the Act's listed impairments. *Id*. at 33. The ALJ cited the fact that Plaintiff can occasionally prepare meals, shop for food, do laundry, and handle her finances. *Id.* at 34-35. At the fourth and fifth steps, the ALJ held that although Plaintiff was unable to perform past relevant work, she had the residual functional capacity to perform a range of work at the sedentary exertional level with additional restrictions. *Id*. at 36-52. The ALJ held

that there were other occupations that existed in significant numbers that Plaintiff could perform. *Id*. at 53-54. Based on these findings, the ALJ held that Plaintiff was not disabled under sections 216(i) and 223(d) of the Social Security Act from October 1, 2008, the alleged onset date, through December 31, 2012 the date last insured. *Id*. at 54.

## II. STANDARD OF REVIEW

When reviewing the Commissioner's final decision, this Court is limited to determining whether the decision was supported by substantial evidence, after reviewing the administrative record as a whole. *Zirnsak*, 777 F.3d at 610 (citing 42 U.S.C. § 405(g)). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Morales v. Apfel*, 225 F.3d 310, 316 (3d Cir. 2000). The oft-used description for this standard is that substantial evidence is "more than a mere scintilla but may be somewhat less than a preponderance of the evidence." *See, e.g.*, *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). Courts may not set aside the Commissioner's decision if it is supported by substantial evidence, even if this court "would have decided the factual inquiry differently." *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001) (citing *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999)).

Upon review, this Court must be wary of treating the determination of substantial evidence as a "self-executing formula for adjudication." *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983). This Court must set aside the Commissioner's decision if they did not take into account the entire record or failed to resolve an evidentiary conflict. *Schonewolf v. Callahan*, 972 F. Supp. 277, 284-85 (D.N.J. 1997) (citing *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978)). Evidence is not substantial if "it really constitutes not evidence but mere conclusion," or if the ALJ "ignores, or fails to resolve, a conflict created by countervailing evidence." *Wallace v.*

4

*Sec'y of Health & Human Servs.*, 722 F.2d 1150, 1153 (3d Cir. 1983) (citing *Kent*, 710 F.2d at 114). A district court's review of a final determination is a "qualitative exercise without which our review of social security disability cases ceases to be merely deferential and becomes instead a sham." *Kent*, 710 F.2d at 114.

**III. DISCUSSION**

The ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act at any point during the relevant time period, and was therefore not entitled to SSDI benefits. Plaintiff asserts: (1) the ALJ failed to evaluate medical evidence to determine whether Plaintiff's impairments medically equaled a listed impairment as required by Social Security Ruling 96-6p; (2) the ALJ's assessment of Plaintiff's residual functional capacity was not supported by substantial evidence; (3) the ALJ failed to properly evaluate Plaintiff's credibility; (4) the ALJ's reasons for disregarding lay evidence from Plaintiff's friend were not supported by substantial evidence; and (5) the Commissioner failed to show that there is other work in the national economy that Plaintiff could perform. Pl.'s Br. at 1 (Doc. No. 9).

This Court finds for the reasons expressed below that the Commissioner's denial of Plaintiff's SSDI benefits is not supported by substantial evidence. Accordingly, the Commissioner's decision is vacated and this matter will be remanded to the ALJ for further proceedings in accordance with this opinion.

**A. ALJ's Determination of Medical Equivalence**

At step three, the ALJ found that claimant "did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 . . . ." ALJ Decision at 33. This finding was based on the ALJ's conclusion that Plaintiff did not exhibit "any of two conditions out of 6 listed despite

5

continuing treatment as prescribed and occurring within the same consecutive 6-month period" required to meet the appropriate listings *Id.* at 34.

Plaintiff takes issue with the ALJ's finding that her impairments did not medically equal a listed impairment, claiming that the ALJ had insufficient medical opinions to determine equivalence. Pl.'s Br. at 12-13. Plaintiff argues that the opinions from the two State agency medical consultants are not acceptable bases for the ALJ's equivalence determination because the consultants' determinations were based on insufficient evidence to fully assess Plaintiff's claims. Pl.'s Br. at 14. Because no medical consultant reviewed the updated medical evidence Plaintiff submitted after the initial and reconsideration decisions, Plaintiff argues that no medical professional has actually opined on whether Plaintiff's impairments medically equal a listing. Pl.'s Br. at 14-15. Plaintiff cites Social Security Ruling 96-6p for the proposition that "longstanding policy requires that the judgment of a physician . . . designated by the Commissioner on the issue of equivalence on the evidence before the administrative law judge or the Appeals Council must be received into the record as expert opinion evidence and given appropriate weight." Pl.'s Br. at 14 (citing SSR 96-6p, 1996 WL 374180 (July 2, 1996)). Plaintiff contends that the ALJ's decision is therefore not legally sound (per SSR 96-6p) because the medical opinions the ALJ relied upon for his equivalence determination were not themselves based on all of the evidence before the ALJ. Pl.'s Br. at 14-15. Plaintiff specifically flags all of the additional medical documentation between pages 368 and 637 of the record as information that was available to the ALJ but was not available for the State agency medical consultants when they made the initial and reconsideration determinations.[1] *Id.* at 14.

---

1. The Court observes that Exhibits 12F, 19F, 27F, 28F, 30F, 31F, 32F, and 34F appear to contain information for the relevant period before Plaintiff's date last insured.

The Commissioner responds that the ALJ did, in fact, have adequate medical expert opinions from the State agency consultants. Def.'s Br. at 24-25 (Doc. No. 13). The Commissioner cites Social Security Ruling 96-6p, which explains that in the context of equivalence determinations "the requirement to receive expert opinion evidence into the record may be satisfied" when the record shows "[t]he signature of a State agency medical . . . consultant on an SSA-831-U5 . . . ." Def.'s Br. at 24 (citing SSR 96-6p, 1996 WL 374180, at *3). The Commissioner notes that two such forms are in the record. *Id.* (citing Rec., Ex. 1A, Ex. 3A at 120, 128). The Commissioner then argues that these forms are adequate medical opinions for an equivalence determination because they "necessarily include [the physicians'] step-three listings determinations that that a claimant's impairments do not meet or equal any listing." *Id.* at 25 (citing *Collins v. Colvin*, No. 14-1765, 2016 WL 1068970, at *4 (S.D. Ind. Mar. 17, 2016)). The Commissioner also cites to the Third Circuit's opinion in *Pintal v. Commissioner of Social Security*, which noted that the transmittal forms "serve[] as a proxy to show that the state agency consultant has considered the question of medical equivalence." 602 F. App'x 84, 87 (3d Cir. 2015). The Commissioner explains that, because these forms were before the ALJ, the ALJ necessarily received expert opinions into evidence on the issue of medical equivalence, as required by SSR 96-6p. Def.'s Br. at 25.

Plaintiff responds that *Collins* is not persuasive authority, though the Court notes she does not say precisely why. Pl.'s Reply Br. at 4-5 (Doc. No. 14). Plaintiff states that "if evidence was deemed insufficient to assess the severity of a condition, the ALJ at the least should have either developed the record to allow sufficient assessment or obtain an updated assessment in light of the record as already expanded after the reviewers determined there was insufficient evidence." *Id.* at 5.

The Court disagrees with Plaintiff as to the persuasiveness of *Collins*. The District Court for the Southern District of Indiana in *Collins* remanded for the ALJ to elicit an updated medical opinion on equivalence in light of additional records entered after the initial and reconsideration decisions by the State agency (as Plaintiff requests here). *Collins*, 2016 WL 1068970, at *9. The *Collins* court noted that there was a "wealth of evidence, generated during the relevant period . . . on which no expert medical judgment has been rendered regarding medical equivalence." *Id.* at *5. The solution to this issue "was simple and probably would not have required much time: the Commissioner could have simply requested that the state-agency reviewers render supplementary opinions based on a review of the entire record or she could have obtained an outside consultants opinion . . . ." *Id.* The Court finds that the ALJ in the instant case could have followed a similar procedure. Accordingly, the Court will remand for the ALJ to request supplementary opinions regarding the newly submitted information from the relevant time period prior to December 31, 2012.

### B. The ALJ's RFC Assessment

The determination of a claimant's disability is reserved for the ALJ. 20 C.F.R. § 404.1527(d)(1). However, the ALJ is responsible for "evaluat[ing] all relevant evidence and to explain the basis for his or her conclusions." *Fargnoli v. Massanari*, 247 F.3d 34, 42 (3d Cir. 2001). If evidence is rejected, "an explanation from the ALJ of the reason why probative evidence has been rejected is required so that a reviewing court can determine whether the reasons for rejection were improper." *Cotter v. Harris*, 642 F.2d 700, 711 (3d Cir. 1981). The explanation need not be comprehensive; "in most cases, a sentence or short paragraph would probably suffice." *Cotter v. Harris*, 650 F.2d 481, 482 (3d Cir. 1981).

The ALJ found that Plaintiff could perform sedentary work, albeit with certain limitations. Specifically, Plaintiff could perform work with:

> occasional climbing, balancing, stooping, kneeling, crouching and crawling, frequent reaching, handling, fingering and feeling, she could avoid concentrated exposure to extreme cold and heat, wetness and humidity, dust, fumes, odors, and pulmonary irritants, and hazards such as unprotected heights and moving machines; she could perform unskilled work involving routine and repetitive tasks with occasional changes in the work setting and work involving no quota or production based work but rather goal oriented work.

ALJ Decision at 36-37.

First, Plaintiff asserts the ALJ's RFC determination was improper because "[t]he record does not contain any consultative examinations or medical source statements from any treating providers" such that "the ALJ took on the role of medical expert" and improperly "came up with his own assessment of Ms. Zaugg's RFC." Pl.'s Br. at 20. Plaintiff then takes issue with the ALJ's failure to include visual limitations in Plaintiff's limitations based on her testimony and medical evidence. *Id.* at 22. Finally, Plaintiff argues that the ALJ erred in not including functional limitations based on her Crohn's and IBS. *Id.* at 23.

The Commissioner responds that the ALJ is "not required to seek a separate expert medical opinion" in making a RFC determination. Def.'s Br. at 30 (citing *Mays v. Barnhart*, 78 F. App'x 808, 813 (3d Cir. 2003). Further, the Commissioner argues that an ALJ "is not precluded from reaching RFC determinations without outside medical expert review of each fact incorporated into the decision." *Id.* (quoting *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011)). Plaintiff responds that the ALJ's reasoning was conclusory as to RFC and his determination was unreasonably unaided by medical opinion evidence. The Court finds that the ALJ had substantial evidence supporting his RFC determination as to Plaintiff. The Court notes in particular the ALJ's discussion of the available evidence and Plaintiff's testimony as to her

9

capabilities at pages thirty-seven through thirty-eight as support for the limitations set forth in the RFC. This discussion, in conjunction with the medical evidence on the record (or lack thereof) provided the ALJ with a substantial basis for his opinion. However, the Court instructs the ALJ to consider any supplementary medical opinions issued on remand (as discussed above) in determining Plaintiff's RFC.

Plaintiff argues that the ALJ erred by failing to address Plaintiff's visual impairment in his opinion. Pl.'s Br. at 22-23. The Commissioner responds (and the Court agrees) that the ALJ "specifically considered the evidence of visual impairment in the hearing decision." Def.'s Br. at 35. Plaintiff does not appear to respond to this in her reply brief. Accordingly, the Court finds that the ALJ had substantial evidence to support his consideration of Plaintiff's visual impairment and corresponding limitations to her RFC.

Finally, Plaintiff argues that the ALJ erred by not including any limitations to Plaintiff's RFC related to her Crohn's disease and IBS. Pl.'s Br. at 23. Plaintiff notes that the ALJ found that her Crohn's and IBS were severe impairments, which necessarily impose more than minimal limitations on her ability to perform work activities. *Id.* (citing SSR 96-3p, 1996 WL 374181 (July 2, 1996)). Plaintiff contends that the ALJ's decision was not supported by substantial evidence because the RFC did not include limitations such as "ready access to a bathroom, the need to take unscheduled bathroom breaks, and a need to take bathroom breaks of a specific duration". Pl.'s Br. at 23-24.

The Commissioner responds that Plaintiff's support for limitations is fundamentally lacking. The Commissioner argues that Plaintiff has no medical opinions as to her limitations, merely her own testimony and her statements to treating physicians. Def.'s Br. at

34. The Commissioner contends that a claimant's statements about symptoms are not enough to prove disability simply because they are reiterated in a doctor's report. *Id.* (citing *Hatton v. Comm'r of Soc. Sec.*, 131 F. App'x 877, 879 (3d Cir. 2005)). The Commissioner further argues that Plaintiff's "reliance on diagnoses, rather than associated functional limitations, is misplaced." *Id.* Plaintiff responds that her initial brief does, in fact, explain that the ALJ was presented her statements, her medical evidence, and lay evidence. Pl.'s Reply Br. at 7 (citing Pl.'s Br. at 22-27, 29-30).

The Court observes that the medical records Plaintiff cites are, as Defendant contended, reiterations of Plaintiff's complaints to her physicians. However, the Court notes that the Third Circuit in *Hatton* was discussing subjective complaints made to a physical therapist, such as "difficulty standing, walking, and sleeping due to pain." *Hatton*, 131 F. App'x at 879. Plaintiff's complaints in the instant case are a mix of subjective and objective. The Court finds that complaints of 7-20 stools a day are not subjective, but rather objective accounts of symptoms. Accordingly, the ALJ is directed to consider Plaintiff's testimony and medical records regarding her Crohn's disease and IBS in determining Plaintiff's RFC and any limitations on remand. As stated above, the ALJ shall also consider any supplementary medical opinions issued on remand.

### C. The ALJ's Evaluation of Plaintiff's Credibility

Plaintiff contends that the ALJ failed to properly evaluate her subjective complaints. Pl.'s Br. at 24-29. In particular, Plaintiff claims that the ALJ did not adequately address objective medical evidence from Dr. Kroop, ignored hospitalizations in December 2012 and January 2013, improperly relied on silence from Plaintiff's doctors regarding her pain, incorrectly weighed Plaintiff's work/volunteer activities and receipt of unemployment benefits, and misconstrued Plaintiff's daily activities without acknowledging her clarifying statements. Pl.'s Br. at 24-29.

The Commissioner responds that the ALJ's credibility determination was based on a number of legally sufficient reasons. *See* Def.'s Br. at 36 (citing ALJ Decision at 34, 36-38, 49-50, 52). Plaintiff replies that it is well established that the ALJ may not rely on the silence of physicians who were not asked for an opinion as to RFC as substantial evidence to support their determination. Pl.'s Reply Br. at 8. Plaintiff further argues that the Commissioner did not respond to her argument regarding daily activities and thus waived "any potential defense of the ALJ's failure to properly evaluate the activities and consider qualifying statements." *Id.* at 9.

The Court does not believe the Commissioner waived defenses as to the ALJ's failure to properly evaluate Plaintiff's activities. However, the Court finds that the ALJ's decision did not adequately provide a "thorough discussion and analysis of the objective medical and the other evidence, including the individual's complaints of pain or other symptoms and the adjudicator's personal observations" including "a resolution of any inconsistencies in the evidence as a whole [which] set[s] forth a logical explanation of the individual's ability to work" as required when the ALJ rejects the subjective credibility of an applicant. SSR 95–5p, 1995 WL 670415, at *2 (October 31, 1995); *see also Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 433 (3d Cir. 1999). The ALJ is directed to consider Plaintiff's qualifying statements regarding her daily activities on remand. The ALJ is again directed to consider any supplementary medical opinions issued on remand as they relate to Plaintiff's credibility.

**D. The Weight Accorded to Raively Lay Evidence**

Plaintiff contends that the ALJ inappropriately rejected information contained in a third party function report provided by Plaintiff's friend, Kimberly Raively. Pl.'s Br. at 29. Plaintiff also argues that the ALJ's reasoning for assigning some weight to Raively's evidence was contained in Finding 4, which had to do with listing determination (rather than RFC). *Id.* at. 30.

The Commissioner responds that there is no prohibition against "streamlining a hearing decision by cross-referencing his findings regarding the evidence" and that ALJ's consideration of Raively's statements along with the other evidence provided sufficient explanation for the weight accorded. Def.'s Br. at 38-39. Plaintiff does not respond to Defendant's rebuttal on this issue, and the Court agrees with the Commissioner. Accordingly, the Court finds that the ALJ's decision to give some weight to Ms. Raively's Third Party Function report was supported by substantial evidence.

### E. ALJ's Finding Regarding Alternate Jobs in the National Economy

Plaintiff correctly notes in her Reply Brief that the requirement that the Commissioner carries their burden at step five hinges on the correctness of each of the preceding steps. Pl.'s Reply Br. at 9. Accordingly, the Court finds that vocational expert's testimony at step five was unreliable in light of the analysis above.

## IV. CONCLUSION

For the reasons discussed above, the decision of the Commissioner is vacated and the Court will remand this matter to the ALJ for further proceedings consistent with this Opinion.


Dated: 6/2/2017                                                s/ Robert B. Kugler
                                                               ROBERT B KUGLER
                                                               United States District Judge